■ T. RICHARD DUNNIGAN, Appellant, v. SYRACUSE MEMORIAL HOSPITAL, INC., Respondent.— Order unanimously reversed, with costs, and motion denied. Memorandum: Although not so designated in the notice of motion, defendant now states that this motion to dismiss the complaint is made under rule 112 of the Rules of Civil Practice. It is contended that the amended complaint as limited by the bill of particulars does not state a cause of action. The action is against the defendant hospital based on alleged negligence in failure to properly sterilize instruments resulting in the infection of plaintiff. The bill of particulars alleges that the "location of the occurrence was either at the Crouse-Irving Hospital where plaintiff had been operated on [November] 15, 1957, or at the Syracuse Memorial Hospital where he was operated on November 25, 1957." Special Term dismissed the complaint because of "an indefinite and uncertain type of statement and allegation which reaches the very essence of the claim". This is accompanied by a statement that a similar motion had been granted in favor of Crouse-Irving Memorial Hospital in another action. We must assume that the plaintiff honestly gave all of the information that he had at the time of the bill of particulars. No one could, or should, be asked to give more. It may be that the precise time of the onset of the infection cannot be established at trial, but the opportunity to do so should not be denied upon a motion on the pleadings. Had both hospitals been joined in one action there is no doubt that such alternative allegations would withstand a motion by either defendant. (Civ. Prac. Act, §§ 212, 258; *Potter* v. *Clark*, 19 A D 2d 585.) This liberality of pleading and practice has been carried over into the Civil Practice Law and Rules (1002, subd. [b]; 3014). (Appeal from order of Onondaga Special Term granting motion to dismiss the complaint.) Present — Williams, P. J., Bastow, Goldman, McClusky and Noonan, JJ.